**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                **CIVIL ACTION NO. 5:18-CR-54
(BAILEY)**

**DEMETRIUS MOORE,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the defendant's Motion to Suppress [Doc. 40] and Supplemental Motion to Suppress [Doc. 52]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on October 4, 2019, wherein he recommends the Defendant's Motion to Suppress [Doc. 40] and the Defendant's Supplemental Motion to Suppress [Doc. 52] be denied. For the reasons that follow, this Court adopts the Report and Recommendation of the magistrate judge.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

1

150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).

Here, the defendant timely filed objections to the Report and Recommendation on October 14, 2019. [Doc. 61]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

The defendant raises four arguments objecting to the R&R. First, the defendant argues that although his parole agreement provides that he must submit to a search of his home without a warrant, "the rule does not expressly provide that a parolee automatically consents to such a warrantless search." [Doc. 61 at 4]. Further, he argues that although he did not refuse a search, it is because he did not have an opportunity to object as the officers quickly entered his home and proceeded upstairs. *Id.* However, this Court agrees with the magistrate judge that "it is clear that Defendant's submission to a search without a warrant of his person, residence, or motor vehicle was mandatory at the time the search at issue was conducted." [Doc. 56 at 7]. Accordingly, this objection is overruled.

Second, the defendant argues that the search was unreasonable because it took place at 9:30 p.m., "when most people are settled in and thinking about getting ready for bed to go to work the next day." [Doc. 61 at 6]. Because the defendant had a 9:00 p.m. curfew as a parolee, the magistrate judge found that "9:30 p.m. seems to have been an eminently reasonable time for officers to conduct a home visit." [Doc. 56 at 11]. This Court agrees and, accordingly, this objection is overruled.

Third, the defendant objects to the magistrate judge's finding that reasonable suspicion is not required for a parole officer to conduct a search. [Doc. 61 at 7]. The Rules and Regulations Governing Parole Supervision [Doc. 55-1], section q. states "A parolee or probationer shall submit to a search without a warrant of his or her person, place of residency or motor vehicle by his or her parole officer for supervision purposes at any time during the parole period." The defendant contends that "it is implied that reasonable suspicion must be present before a search is authorized." [Doc. 61 at 7]. The magistrate judge noted that the defendant's argument ignores *Samson v. California*, 547 U.S. 843 (2006). [Doc. 56 at 12]. In his objections, the defendant contends that *Samson* is inapplicable because in that case, unlike here, the parole statute provided that a parolee agree to a search warrant "with or without cause." [Doc. 61 at 9]. This Court disagrees with this distinction; the Rules and Regulations Governing Parole Supervision clearly state that the purpose of such a search is supervision. Accordingly, this objection is overruled.

Finally, the defendant argues that the motion to suppress should be granted because the officers failed to knock on the door and announce themselves. In the R&R, the magistrate judge cited *Hudson v. Michigan*, 547 U.S. 586 (2006), for the proposition

3

that the exclusionary rule is inapplicable to knock-and-announce violations. [Doc. 56 at 13]. The defendant argues that this case is distinguishable because *Hudson* was a case in which the search was authorized by a warrant. [Doc. 61 at 12]. This Court disagrees; the underlying search was legal, therefore *Hudson* applies. Accordingly, this objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the Report and Recommendation **[Doc. 56]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Defendant's Motion to Suppress **[Doc. 40]** and the Defendant's Supplemental Motion to Suppress **[Doc. 52]** are **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: October **11**, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

4